IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRANDON DIJON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-007 |
| | ) | |
| CORE CIVIC – WHEELER CORRECTIONAL FACILITY; H. PITTMAN; SERGEANT SPIKES; and OFFICER RAMOS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility, ("WCF"), in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names as Defendants (1) Core Civic – Wheeler Correctional Facility, (2) H. Pittman, (3) Sergeant Spikes, and (4) Officer Ramos. (Doc. no. 1, pp. 1, 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 25, 2024, Plaintiff was on his way to a vocational class when Defendant Ramos told Plaintiff to visit the barber cart to get his beard trimmed. (Id. at 5.) Plaintiff informed Defendant Ramos he is a practicing Muslim, and it is against his religion to "cut/trim" his beard. (Id.) Defendant Ramos responded, "[Wheeler Correctional Facility staff] have been cutting Muslim's beards all morning." (Id.) Plaintiff continued walking to his class, and Defendant Pittman stopped him to tell him to cut his beard. (Id.) Plaintiff also advised Defendant Pittman it is against his religion. (Id.) Defendant Pittman ignored Plaintiff's protests and insisted Plaintiff get his beard cut. (Id.) Once more, Plaintiff tried to walk away to go to class, but Defendant Spikes stopped Plaintiff and "got close in [his] face," demanding Plaintiff get his beard cut. (Id.) Plaintiff told Defendant Spikes it is against his religion. (Id.) Defendant Spikes responded if Plaintiff did not comply, he would "bald [Plaintiff's] whole face." (Id.) Plaintiff's beard was then cut. (Id. at 6.) Later that day, Plaintiff filed a grievance, which was denied upon initial review and again on appeal. (Id. at 12-14.)

Plaintiff claims spiritual, psychological, and emotional damages. (Id. at 5.) His PTSD, anxiety, and sleep issues were aggravated because of this incident, and he has experienced a loss in appetite. (Id.) He has not received any medical treatment for these issues. (Id.) For relief, Plaintiff seeks $10,000,000 in damages. (Id.)

    B.    **DISCUSSION**

        1.    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A

2

claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC,

3

981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's First Amendment Free Exercise Claim: Plaintiff Fails to State a Claim for Relief Against Defendant Core Civic – Wheeler Correctional Facility

Plaintiff names "Core Civic – Wheeler Correctional Facility" as a single Defendant. (Doc. no. 1, p. 2.) It is unclear whether Plaintiff intends to name either Core Civic, which is the private corporation operating WCF, or the prison itself, or both entities. Regardless, Plaintiff fails to state a §1983 claim for violations of the First Amendment Free Exercise Clause against this Defendant.

Plaintiff fails to state a claim against WCF because prisons are not legal entities subject to liability in § 1983 claims.[1] WCF is not an entity capable of being sued. See Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal institutions are entities which are not capable of being sued, as they are buildings"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (*per curiam*) (noting "Thomas County Jail is not entity capable of being sued under Georgia law"); Clark v. Georgia, Civ. Act. No. 1:21-CV-3396, 2021 WL 8084671, at *3 (N.D. Ga. Nov. 8, 2021) (explaining state prison not an entity capable of being sued), *adopted by* 2022 WL 898362 (N.D. Ga. Mar. 28, 2022); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42

---

[1] By simultaneously entered Order, the Court allows Plaintiff's RLUIPA claim to proceed against Core Civic – Wheeler Correctional Facility.

U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010).  Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Thus, all claims against WCF should be dismissed.

To the extent Plaintiff intends to name Core Civic, the private corporation that runs WCF, this § 1983 claim also fails.  Plaintiff does not mention Core Civic anywhere in the statement of his claim and presumably requests damages for his alleged injuries that occurred under its supervision. (See generally doc. no. 1.)  As the Eleventh Circuit has explained, "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008); see also Iqbal, 556 U.S. at 678.  Plaintiff has failed to provide any detail concerning Core Civic's role in his complaint allegations.

Moreover, Core Civic cannot be held liable merely in light of its supervisory position as an employer and administrator of a state prison.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical

5

care for state inmates could not be sued under § 1983 on *respondeat superior* theory); see also Vick v. Core Civic, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (finding Core Civic is a state actor under § 1983, but "[to] hold Core Civic liable, the Plaintiff cannot rely on the theory of *respondeat superior* or vicarious liability.").

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). "Therefore, to hold an employer such as Core Civic liable, Plaintiff must demonstrate that either Core Civic actually participated in the alleged constitutional violation or there is a causal connection between the actions of Core Civic and the alleged constitutional violation." Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020). Here, though he does not say as much, Plaintiff appears to name Core Civic not because of the corporation's direct involvement in the events about which he complains, but by virtue of its role as an employer and administrator at WCF.

Therefore, Plaintiff must allege a causal connection between Core Civic and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation); see also Ireland v. Prummell, No. 20-10539, 2022 WL 16912130, at *5 (11th Cir. Nov. 14, 2022) (explaining while private contractors at jails may be liable under § 1983, liability may not be premised on *respondeat superior*); Curtis v. CoreCivic, Inc., No. CV 321-015, 2021 WL 4227065, at *3 (S.D. Ga. Sept. 16, 2021) ("[A] § 1983

6

plaintiff must also identify the private entity's policy or custom that led to the alleged constitutional violation.").

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread abuses by Core Civic at WCF, (2) an improper custom or policy put in place by Core Civic, or (3) an inference Core Civic directed anyone to act, or knew that an individual would act, unlawfully. Indeed, as already explained above, Plaintiff does not mention Core Civic in his statement of the claim. Therefore, Core Civic should be dismissed from this case for failure to state a claim.

In sum, regardless of whether Plaintiff intends to name Core Civic, WCF, or both entities, he fails to state a § 1983 claim against Defendant Core Civic – Wheeler Correctional Facility for the above-described reasons.

      **3.**      **Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") Claim: Plaintiff Fails to State a RLUIPA Claim Against Defendants Ramos, Pittman, and Spikes in their Individual Capacity**

Plaintiff sues Defendants Ramos, Pittman, and Spikes in their official and individual capacities. (Doc. no. 1, pp. 2-3.) However, it is well established RLUIPA does not create a private action for money damages against officials sued in their individual capacities. Smith, 502 F.3d at 1275; Hathcock v. Cohen, 287 F. App'x 793, 798 (11th Cir. 2008) (same).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's First Amendment Free Exercise claim against Defendant Core Civic – Wheeler Correctional Facility, as well as Plaintiff's RLUIPA individual capacity claims against Defendants Ramos, Pittman, and Spikes for money damages, be **DISMISSED**. By simultaneously entered Order, the Court allows Plaintiff's First Amendment Free Exercise claims to proceed against Defendants Ramos, Pittman, and Spikes, as well as Plaintiff's RLUIPA official capacity claims against Defendants Core Civic – Wheeler Correctional Facility, Ramos, Pittman, and Spikes.

SO REPORTED and RECOMMENDED this 14th day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA